IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Annette Parker,**

        **Plaintiff,**

v.                                     Case No. 16-cv-2169-JWL

**Delmar Gardens of Lenexa, Inc.
d/b/a Garden Villas of Lenexa,**

        **Defendant.**

## **MEMORANDUM & ORDER**

Plaintiff filed this lawsuit against her former employer alleging that defendant terminated her employment and unfairly disciplined her on the basis of her race, sex and/or in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. She further alleges that defendant terminated her employment and unfairly disciplined her on the basis of her race and/or in retaliation for complaining about race discrimination in violation of 42 U.S.C. § 1981. This matter is presently before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 10). As will be explained, the motion is granted in part and denied in part.

**Standard**

The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual

allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id.* at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

Consistent with the applicable standard, the court accepts as true the following well-pleaded facts alleged in plaintiff's complaint. *See Sanders v. Mountain Am. Federal Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). Plaintiff is an African-American female who began her employment with defendant in 1989. At all times, plaintiff was employed as a diet aide. According to the complaint, the first fifteen years of plaintiff's employment passed without incident. In July 2015, plaintiff reported to defendant's administrator, Travis Renfro, that the employees working the evening shift were not adequately cleaning the kitchen and serving areas and were failing to ensure that plaintiff had sufficient supplies to start her shift in the mornings. All of the evening-shift employees at that time were Caucasian. No action was taken with respect to plaintiff's report.

In September 2015, plaintiff reported to Mr. Renfro that a nurse, on multiple occasions in the late summer and early fall of 2015, had pressed her breasts against plaintiff's breasts and had made inappropriate comments to plaintiff regarding the same. After plaintiff made this report,

Mr. Renfro issued disciplinary write-ups to plaintiff for baseless issues that had allegedly occurred prior the report of sexual harassment and were never brought to the attention of plaintiff's supervisor. On September 28, 2015, after defendant failed to take any action with respect to plaintiff's report of sexual harassment and had unfairly disciplined her, plaintiff filed a charge of discrimination with the EEOC. In November 2015, defendant advised plaintiff that a resident had made a complaint about a meal. Defendant suspended plaintiff's employment at that time and then terminated her employment one week later.

After receiving her notice of right to sue from the EEOC, plaintiff filed her complaint alleging that defendant terminated her employment and unfairly disciplined her on the basis of her race, sex and/or in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. She further alleges that defendant terminated her employment and unfairly disciplined her on the basis of her race and/or in retaliation for complaining about race discrimination in violation of 42 U.S.C. § 1981.[1]

**Title VII Claims**

Federal courts lack jurisdiction over Title VII claims that were not previously covered in a claim presented to the Equal Employment Opportunity Commission. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir.2005). Stated another way, exhaustion of administrative remedies is a prerequisite to suit and administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation. *See Apsley v. Boeing*

[1] It is unclear to the court whether plaintiff's Title VII sex discrimination claim includes a hostile work environment theory. Because defendant does not address this theory in its motion, the court need not explore that issue further.

*Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).  "Exhaustion still serves the important purposes of protecting employers by giving them notice of the discrimination claims being brought against them and providing the EEOC with an opportunity to conciliate the claims."  *Hung Thai Pham v. James*, 630 Fed. Appx. 735, 738 (10th Cir. Oct. 20, 2015) (quoting *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1040 (10th Cir. 2014)).  Defendant moves to dismiss plaintiff's Title VII claims in their entirety for failure to exhaust administrative remedies.

In her September 2015 charge of discrimination—the only one she filed—plaintiff alleges discrimination based on race, sex and retaliation (by checking the appropriate boxes) and describes the "particulars" as follows:

> I was hired by Respondent on or about 6/89 and I currently hold a Dietary Aide position.
>
> I have been unfairly disciplined on two recent occasions.
>
> I have complained of inappropriate sexual behavior by a co-worker.
>
> I believe this is discrimination against me because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliation against me for opposing acts made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

She averred that the earliest date of discrimination was September 11, 2015 and that latest date of discrimination was September 22, 2015.  In her complaint, plaintiff includes Title VII claims based on the termination of her employment as well as "disparate treatment" claims based on defendant's unjust discipline of plaintiff.  Defendant contends that none of these claims has been preserved in the charge of discrimination.

*Termination Claims*

4

In her complaint, plaintiff alleges that defendant terminated her employment in violation of Title VII on the basis of her sex, race and/or in retaliation for engaging in protected activity. Defendant moves to dismiss plaintiff's termination claims on the grounds that she failed to file a charge of discrimination regarding her termination. Plaintiff does not dispute that her charge was filed before her termination and that she never amended her charge or filed another charge after employment was terminated. She contends nonetheless that her termination is "reasonably related" to the charge that she filed. Plaintiff's argument, however, relies on language and authorities that the Tenth Circuit abrogated many years ago. *See Freppon v. City of Chandler*, 528 Fed. Appx. 892, 898-99 (10th Cir. July 1, 2013) (citing *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003) (unexhausted claims involving discrete employment actions are no longer viable, including termination claims arising after a charge of discrimination has been filed)). The court, then, is required to dismiss plaintiff's Title VII termination claims. *See id.*; *accord Goldsby v. James*, 580 Fed. Appx. 685, 686 (10th Cir. Oct. 23, 2014) (district court properly dismissed unexhausted termination claim that arose after the filing of the charge and rejected "outdated" authority permitting pursuit of unexhausted claims when "reasonably related" to those included in charge) (citing *Eisenhour v. Weber County*, 744 F.3d 1220, 1227 (10th Cir. 2014) (explaining abrogation of exhaustion exception for reasonably related claims by discrete-incident rule)).

*Disparate Treatment Claims*

In her complaint, plaintiff alleges that she was unfairly disciplined and otherwise held to different "work expectations" in violation of Title VII on the basis of her sex, race and/or in

retaliation for engaging in protected activity. Defendant moves to dismiss these claims on the grounds that these claims are not included in her charge of discrimination. The court concludes that plaintiff has preserved in her change of discrimination claims based on disciplinary write-ups she received between September 11, 2015 and September 22, 2015 (the specific range highlighted in the charge) and that these claims may be based on race, sex or retaliation for reporting the behavior of her co-worker. While the last sentence of the "particulars" identified by plaintiff seems to limit plaintiff's complaint to sex discrimination and retaliation, the second sentence of the particulars—and the only sentence to specifically address the discipline—does not limit the complaint to any particular protected category. The fact that plaintiff checked the "race" box, then, is sufficient to notify defendant of plaintiff's claim that the incidents of unfair discipline are based on race discrimination. To the extent plaintiff's complaint can be reasonably construed to include non-termination disparate treatment claims beyond claims relating to unfair discipline, no such claims have been preserved in the charge—which is plainly limited to incidents during the September 2015 time frame concerning unfair discipline. Manning v. Blue Cross & Blue Shield of Kansas City, 522 Fed. Appx. 438, 440 (10th Cir. Apr. 12, 2013) (charge must contain facts concerning discriminatory and retaliatory acts underlying each claim, because each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted).

**Section 1981 Claims**

In her complaint, plaintiff alleges that she was subjected to unfair discipline and different work expectations based on her race and that her employment was terminated based on her race

6

and/or in retaliation for complaining about race discrimination in violation of 42 U.S.C. § 1981. Defendant moves to dismiss plaintiff's race discrimination claim on the grounds that plaintiff has failed to allege any facts plausibly suggesting that she suffered an adverse employment action or that similarly situated employees were treated more favorably. This argument borders on frivolous and is denied. Plaintiff clearly alleges an adverse action—the termination of her employment—and alleges that Caucasian employees were treated more favorably in terms of discipline and work expectations. The complaint plausibly suggests that defendant terminated plaintiff's employment after a single, dubious complaint from a resident about a meal and that Caucasian employees such as those working the evening shift were held to different standards. No more is required at this stage. *See Townsend-Johnson v. Cleveland*, 494 Fed. Appx. 833, 837 (10th Cir. June 25, 2012) (the plaintiff stated plausible claim for relief for race discrimination under § 1981 where she alleged that she is an African-American, that the defendant terminated her employment and that employees outside the protected class were not terminated for similar conduct).

Defendant also moves to dismiss plaintiff's § 1981 retaliation claim on the grounds that plaintiff did not engage in protected activity, did not suffer any adverse action and has not established a causal connection between any alleged protected activity and any adverse action because of the length of time between her alleged protected activity and her termination. These are arguments suited for summary judgment after a full record has been developed. At this stage, plaintiff need only allege facts that, if proven, plausibly support a claim for relief. A review of the complaint and the documents attached thereto reveals that plaintiff has sufficiently set forth a claim for retaliation. As noted earlier, plaintiff marked the "race" box on her EEOC

7

charge to indicate that she had been discriminated against based on her race and, particularly, that she had been unfairly disciplined on two occasions.  Without question, the filing of this form constitutes protected activity.  She alleges in her complaint that she was terminated less than 2 months after filing her charge.   She has stated a claim for retaliation under § 1981.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012) (plaintiff need not set forth prima facie case for each element but must plead enough facts to satisfy plausibility requirement).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. 10) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2016, at Kansas City, Kansas.

<div style="text-align:right">

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

</div>